UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| JOHN MADSEN | : |
| and | : |
| STEPHAN LAKE HOLDINGS, LLC | : |
| Plaintiffs, | : |
| v. | : Case No. _____ |
| HEATHER D'ANDREA FISH | : |
| DAVID FISH | : |
| WILLIAM ESPIRICUETA | : |
| IVAN CHIKIGAK STEADMAN | : |
| Defendants. | : |

**COMPLAINT**

John Madsen ("Madsen") and Stephan Lake Holdings, LLC ("SLH"), by counsel, submit the following Complaint against Heather d'Andrea Fish, David Fish, William Espiricueta and Ivan Chikigak Steadman (the "Defendants") on the grounds and in the amounts set forth below:

**PARTIES**

1. John Madsen is an individual residing in Virginia.

2. Madsen owned and currently owns a 100% membership interest in SLH, a Virginia limited liability company authorized to transact business in the state of Alaska. SLH owns real property and improvements in the state of Alaska known as Stephan Lake Lodge, which hosts hunting and fishing excursions/outfitting in the state of Alaska (the "Lodge").

3. The Lodge is a unique property, situated on 5 acres contiguous with Stephan Lake

1

in the Talkeetna district in the state of Alaska, comprising the main lodge quarters, separate outbuildings, boating facilities and other improvements and equipment. It is a world-class hunting and fishing destination for national and international customers.

4. Defendants Heather d'Andrea Fish and David Fish (the "Fishers") are husband and wife and reside in the state of Alaska.

5. Defendant William Espiricueta is an individual residing in the state of Colorado.

6. Defendant Ivan Chikigak Steadman is an individual residing in the state of Alaska.

## JURISDICTION AND VENUE

7. Jurisdiction is proper pursuant to 28 U.S.C. §1332(i) as the plaintiff and defendants reside in different states and the amount in controversy exceeds $75,000.00.

8. Venue in this Court is proper pursuant to 28 U.S.C. §1391 as the events giving rise to this claim, in part, occurred in Virginia.

## FACTS

9. SLH and Madsen entered into a Purchase, Sale and Assignment of Membership Interests Agreement effective July 29, 2022 (the "Agreement") with D'Andrea Fish, Fish, Espiricueta and Steadman (collectively referred to as the "Defendants") wherein the Defendants agreed to purchase certain membership interests in SLH.

10. A true and accurate copy of the Agreement with exhibits thereto is attached as **Exhibit 1.**

11. The Agreement also contemplated that Defendants also purchase the entire membership interests in Stephan Lake Adventures, LLC, an Alaska limited liability company in the business of selling and servicing hunting, fishing and similar outdoor excursions out of the Lodge ("SLA"). SLA is also party to the Agreement.

12. Pursuant to the terms of the Agreement, the Defendants acquired 90% of the membership interest in SLH. Those interests were to be acquired piecemeal during the executory term of the Agreement as defendants paid the periodic payments due to Madsen during the term of the Agreement.

13. In addition, upon execution of the Agreement, Defendants acquired the entirety of the membership interests in SLA.

14. The purchase price in the Agreement was $2,250,000, of which $1,370,000 was secured by a Promissory Note bearing an interest rate of 6% and $380,000 was secured by a non-interest bearing Promissory Note.

15. The Agreement allowed Defendants to use the Lodge for outfitting activities by SLA at their sole cost and expense, and agreed to make all repairs, pay all utilities and expenses and repair/replace all equipment as necessary.

16. The Agreement provided that Defendants shall service and honor the 2022 and 2023 booked hunts at their sole cost and expense, as well as new hunts and outfitting excursions.

17. Defendants agreed to pay Madsen 15% commission on any new hunts solicited, originated and booked by Madsen during the six-year executory period of the Agreement.

18. Defendants paid to Madsen the initial earnest money deposit of $25,000.00 contemplated by §2.1(a) of the Agreement.

19. Defendants also paid to Madsen the sum of $225,000.00 contemplated by §2.1(b) of the Agreement.

20. Defendants also executed Promissory Notes Nos. 1 and 2 contemplated by §§2.1(c)(ii) and (iii) of the Agreement.

21. True and accurate copies of Promissory Notes 1 and 2 are attached as collective

**Exhibit 2**.

22. The Agreement was amended on or about August 4, 2022, and memorialized in the First Amendment to Agreement for Purchase, Sale and Assignment of Membership Interests. A copy of the First Amendment is attached as **Exhibit 3.**

23. The Agreement was amended a second time on or about October 5, 2022, and memorialized in the Second Amendment to Agreement for Purchase, Sale and Assignment of Membership Interests. A copy of the Second Amendment is attached as **Exhibit 4.**

24. In the Second Amendment, the parties agreed that the "Carla Cabin" parcel, which comprises five acres and the D-LOG structure thereon but excludes the Carla Cabin, would be included as an asset of SLH to be sold pursuant to the Agreement as amended.

25. The inclusion of the Carla Cabin resulted in an upward adjustment of the sales price by $350,000.00. The total purchase price was $2,600,000.00.

26. The Agreement was amended a third time on or about March 30, 2023, and memorialized in the Third Amendment to Agreement for Purchase, Sale and Assignment of Membership Interests. A copy of the Third Amendment is attached as **Exhibit 5.**

27. The Third Amendment included the Carla Cabin and increased the purchase price by $107,000.00.

28. Defendants paid to Madsen the additional sums due pursuant to the Second and Third Amendment to the Agreement. All payments were made to Madsen by Defendants in the Commonwealth of Virginia.

**Defendants assumed operation and control of the Lodge and SLA.**

29. Following execution of the Agreement as amended, and payments of the periodic payments contemplated by the Agreement, Promissory Notes and amendments thereto,

Defendants assumed control of and operated SLA, using the Lodge facilities in order to run the hunting, outfitting and fishing operations of SLA and the Lodge.

30. Madsen would provide input and assistance from time to time as necessary to facilitate Defendants' operation of SLA and the Lodge.

31. Defendants would provide little, if any, information to Madsen regarding their hunting and outfitting efforts during this period.

**Defendants default on their obligations under the Agreement as amended**

32. In or about the summer of 2024, Defendants defaulted on their obligations under the Agreement as amended.

33. Specifically, the Defendants:

a. have failed to pay the periodic amounts due under the Promissory Notes;

b. have failed to maintain and/or destroyed certain personal property owned by SLH at the Lodge;

c. have failed to pay bills for the Lodge, including, but not limited to, property taxes, insurance premiums, lease payments and other payments that was otherwise Defendants' express obligations under the Agreement as amended; and

d. committed other material breaches and omissions during the executory period of the Agreement.

34. The value of the defaulted amounts under the Notes and other monetary and non-monetary defaults under the Agreement as amended exceed $2 million dollars.

35. In addition, during the executory term of the Agreement as amended, Defendants attempted to "sell" the Carla Cabin and underlying real property to a third party, even though SLH owned this property, and even though Defendants had no actual nor legal authority to do so.

36. Following their defaults set forth above, in the summer of 2024, Defendants abandoned the Lodge And ceased operations under SLA. They did so without leaving the Lodge with any sort of fuel including diesel, gasoline or propane.

37. Following their defaults and abandonment, Madsen, by his counsel, transmitted a formal notice of default to Defendants on July 30, 2024.

38. A true and accurate copy of the July 30th, 2024, notice of default is attached as **Exhibit 6**.

39. Defendants have not responded to the notice of default, nor have they cured the defaults.

## COUNT 1 – SPECIFIC PERFORMANCE
**(Purchase of SLH and Performance of all Non-Monetary Obligations in Agreement)**

40. Plaintiffs restate and incorporate by reference paragraphs 1-39 as if fully set forth herein.

41. The Agreement, and the amendments thereto, required that the Defendants purchase the Lodge through their acquisition of the membership interests in SLH and SLA.

42. Despite their obligations in the Agreement and amendments thereto, the Defendants have failed to honor their obligations to purchase SLH.

43. Before and after Defendants' default, Madsen has been attempting to sell SLH and/or the Lodge over a several year period, without success.

44. As a unique and unusual property, the Lodge is not susceptible to sale as other commercial properties would be.

45. Madsen is entitled to specific performance of all monetary and non-monetary obligations under the Agreement as amended due to Defendants' default thereunder.

## COUNT 2 - SPECIFIC PERFORMANCE

**(in the alternative)**

46. Paragraphs 1-39 are incorporated herein by reference.

47. Section 4.1 of the Agreement and the Second Amendment provide that Madsen is entitled to a return of any SLH membership interests vested in Defendants up to and through Defendants' defaults and an opportunity to cure.

48. Madsen has provided the Defendants with an opportunity to cure.

49. To date, the Defendants have not cured their defaults.

50. Madsen is entitled to receive and hold any and all pro-rata membership interests vested in Defendants in SLH up to and through their default and failure to cure alleged herein pending Defendants' satisfactory performance of all executory obligations under the Agreement as requested in Count I herein.

51. Defendants are required to convey to Madsen any and all pro-rata membership interests they have in SLH up to and through their default and failure to cure alleged herein.

## COUNT 3 – BREACH OF CONTRACT
**(in the alternative)**

52. Paragraphs 1-39 are incorporated herein by reference.

53. The Promissory Notes required payment of the purchase price.

54. Defendants have failed to make the required payments on the Promissory Notes.

55. Per the terms of the Notes, and upon default by Defendants, all balances due under the Notes are accelerated and become due at the time of Defendants' defaults and failure to cure those defaults.

56. Madsen has been damaged as a result of the failure to make payments on the Promissory Notes.

## COUNT 4 – CONVERSION
**(in the alternative)**

57. Paragraphs 1-39 are incorporated by reference.

58. Defendants retained the hunting deposits for several trips that were booked after execution of the Agreement.

59. Instead of honoring the hunting trips, Defendants abandoned the Lodge and took the deposits.

60. In his efforts to mitigate the damage to the overall reputation of the lodge as a first-class hunting and fishing destination, Madsen has and will be honoring the hunting excursions that Defendants have failed to honor.

61. Defendants exercised dominion and control over the deposits, to the exclusion of Madsen, SLA and SLH.

62. Madsen is entitled to return of the deposits.

Wherefore, Plaintiffs John E. Madsen and Stephan Lake Holdings, LLC move for the following relief against the Defendants. Plaintiffs request for entry of an order:

a. Compelling Defendants to reassume control of the Lodge, and pay to John E. Madsen all past due and future payments due under the Agreement and Promissory Notes, reserving unto Madsen the right to reduce the defaulted payments to judgment against Defendants as future circumstances warrant;

b. Compelling Defendants to abide by all monetary and non-monetary obligations under the Agreement as amended;

c. For entry of judgment against Defendants, jointly and severally, in the sum of $1,212,954.41, representing the remaining balance due under Promissory Note #1 of the Agreement;

d. For entry of judgment against Defendants, jointly and severally, in the amount of $253,333.34, representing the remaining balance due under Promissory Note #2 of the Agreement;

e. For entry of judgment against Defendants, jointly and severally, in the amount of $313,037.67, representing the remaining balance due under Promissory Note #3 of the Agreement;

f. For entry of judgment in the amount of the hunting deposits wrongfully retained by Defendants due to their non-performance and default of the Agreement in an amount to be determined, but no less than $150,000.00;

g. Pre- and post-judgment interest on the foregoing amounts;

h. For an award of attorneys fees contemplated by §6(f)(ii) of the Agreement and Promissory Notes; and

i. For any further relief deemed appropriate by this Court.

JOHN MADSEN and STEPHAN LAKE HOLDINGS, LLC

*/s/ Mariam W. Tadros*
Mariam W. Tadros (VSB No. 75502)
Womble Bond Dickinson (US) LLP
8350 Broad Street, Suite 1500
Tysons, VA 22102
(T): (703) 394-2267
(F): (703) 790-2623
Mariam.tadros@wbd-us.com